MORGAN, LEWIS & BOCKIUS LLP
David L. Schrader, Bar No. 149638
david.schrader@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax 1.213.612.2501

Mark A. Feller, Bar No. 319789
mark.feller@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: +1.415.442.1000
Fax: +1.415.442.1001

Brian M. Ercole
(*pro hac vice*)
brian.ercole@morganlewis.com
Matthew P. Papkin
(*pro hac vice*)
Matthew.papkin@morganlewis.com
600 Brickell Ave, Suite 1600
Miami, FL 33131-3075
Tel: +1.305.415.3000
Fax: +1.305.415.3001

*Attorneys for Defendant*
TESLA, INC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER REYNOLDS, Jr.,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC. d/b/a TESLA MOTORS, INC., a Delaware corporation,<br><br>Defendant. | Case No. 2:23-cv-09665-HDV-RAO<br><br>**DEFENDANT TESLA, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**<br><br>Complaint filed: November 15, 2023 |

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant Tesla, Inc. ("Tesla") hereby files and serves its Answer and Affirmative Defenses to Plaintiff Walter Reynolds, Jr.'s Complaint ("Complaint"). Paragraph numbers in this Answer correspond to the paragraph numbers of the Complaint up to the Affirmative Defenses section. To the extent the headings and footnotes in Plaintiff's Complaint are intended to be allegations separate and apart from the numbered allegations, they are denied.

## I. INTRODUCTION

1. Paragraph 1 contains Plaintiff's' description of the action, to which no response is required. To the extent a response is required, Tesla admits only that it complies with federal law, including the Energy Policy and Conservation Act and implementing regulations from the Environmental Protection Agency ("EPA") and the Federal Trade Commission, governing the disclosure of electric vehicle range estimates approved by the EPA. Tesla denies the remaining allegations in Paragraph 1 of the Complaint, including that it engaged in any unfair or deceptive marketing of its vehicles' battery range or any other alleged misconduct. By way of further answer, the Court has dismissed each of Plaintiff's claims on preemption grounds (ECF No. 26), with the exception of a narrow claim under the "unfair" prong of California's Unfair Competition Law ("UCL") based upon in-vehicle range estimates displayed on the dashboard of Plaintiff's vehicle. Tesla continues to dispute the validity of this remaining claim.

2. Tesla admits only that it lists vehicles on its website. The remaining allegations in Paragraph 2 are denied.

3. Tesla is without sufficient information to form a belief as to the truth of the allegations in Paragraph 3 and they are therefore denied.

4. Tesla denies the allegations in Paragraph 4, including that Plaintiff has statutory standing under the UCL to pursue a claim or that Plaintiff has suffered a cognizable injury as a result of any allegedly improper conduct by Tesla.

5. Tesla is without sufficient information to form a belief as to the truth of the allegations in Paragraph 5 about Plaintiff's alleged "concern[s]" or how Plaintiff operates his vehicle and they are therefore denied. Tesla denies the remaining allegations in Paragraph 5, including that Plaintiff's vehicle has "reduced range" or has depreciated in value, that Plaintiff has suffered any monetary or other harm, or that Tesla has engaged in any misconduct.

## JURISDICTION AND VENUE

6. Tesla admits only that Plaintiff brings this action individually. The remaining allegations in Paragraph 6 are conclusions of law, to which no response is required, and they are

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

2

TESLA'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT
CASE NO. 2:23-CV-09665-HDV-RAO

therefore denied. By further answer, Tesla does not understand what Plaintiff means by "Superior Court" and therefore denies this allegation.

7. Tesla admits only that it is registered to do business in California and that Telsa has transacted business in California. The allegations in Paragraph 7 regarding "personal jurisdiction" are conclusions of law, to which no response is required, and they are therefore denied. Tesla denies the remaining allegations in Paragraph 7.

8. Tesla admits only that it is registered to do business in California and that Telsa has transacted business in California. The allegations in Paragraph 8 regarding "personal jurisdiction" are conclusions of law, to which no response is required, and they are therefore denied. Tesla denies the remaining allegations in Paragraph 8.

9. The allegations in Paragraph 9 are conclusions of law, to which no response is required, and they are therefore denied.

## PARTIES

10. Tesla is without sufficient information to form a belief as to the truth of the allegations in Paragraph 10 and they are therefore denied.

11. Tesla admits only that it conducts business in California. Tesla is incorporated in the State of Texas and therefore denies the remaining allegations in Paragraph 11.

12. Tesla admits only that it designs, manufactures, sells, leases, and warrants certain Tesla vehicles in the United States and that Tesla transacts business in California. Tesla denies the remaining allegations in Paragraph 12.

## FACTUAL ALLEGATIONS

13. Tesla admits only that it designs and manufactures electric vehicles that are sold in California and elsewhere. Tesla denies the remaining allegations in Paragraph 13.

14. Tesla admits only that *Reuters* published an article on July 27, 2023. The article referenced in and that forms the basis for Paragraph 14 speaks for itself, and any characterization is denied. Tesla denies the remaining allegations in Paragraph 14.

15. The *Reuters* article referenced in and that forms the basis for Paragraph 15 speaks for itself, and any characterization is denied. Tesla denies the remaining allegations contained in Paragraph 15 of the Complaint, including that the referenced directive was made.

16. The *Reuters* article referenced in and that forms the basis for Paragraph 16 speaks for itself, and any characterization is denied. Tesla denies the remaining allegations in Paragraph 16 of the Complaint.

17. Tesla admits only that the dashboards of its vehicles display range estimates programmed with EPA-approved estimates. By way of further answer, Tesla discloses to consumers in numerous places that these projections are just estimates, that actual driving range varies based on numerous factors, and that the best way to monitor personal range is by utilizing the Energy App that Tesla makes available to customers. Tesla denies the remaining allegations in Paragraph 17 of the Complaint, including Plaintiff's speculation about the impact of range estimates.

18. Tesla admits that its vehicles have a user interface that displays remaining battery energy as a percentage of total capacity, so that the driver always knows how much energy is available in real time, and that the driver has the option to "toggle" between settings in the user interface to display a real time estimate of miles remaining based on EPA average consumption. By way of further answer, the *Reuters* article that forms the basis for Paragraph 18 is a document that speaks for itself, and any characterization is denied. Tesla denies the remaining allegations in Paragraph 18 of the Complaint.

19. Tesla admits only that the vehicles it sells display a recommended charge limit that may be adjusted by the customer. By way of further answer, the document referenced in Paragraph 19 speaks for itself, and any characterization is denied. Tesla denies the remaining allegations in Paragraph 19 of the Complaint.

20. Tesla admits only that the EPA-approved battery range estimate that Tesla discloses for its vehicles is based on a full charge, as mandated by federal law. Tesla denies the remaining allegations in Paragraph 20 of the Complaint.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

4

TESLA'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT
CASE NO. 2:23-CV-09665-HDV-RAO

21. The *Reuters* article referenced in and that forms the basis for Paragraph 21 speaks for itself and any characterization is denied. Tesla denies the remaining allegations contained in Paragraph 21 of the Complaint, including that it exaggerates the battery ranges for its vehicles.

22. The *Reuters* article referenced in and that forms the basis for Paragraph 22, as well as any alleged findings by regulators in Korea, speak for themselves, and any characterization is denied. By way of further answer, any alleged conduct in South Korea has no bearing on this case. Tesla denies the remaining allegations contained in Paragraph 22 of the Complaint, including that Tesla engaged in any false advertising for vehicles sold in the United States.

23. Tesla admits only that federal law requires the disclosure of range estimates, that it complies with federal law, and that the labels for its vehicles display fuel-efficiency information stated in a miles-per-gallon equivalent. By way of further answer, the labels referenced in Paragraph 23 speak for themselves and any characterization is denied. Any remaining allegations in Paragraph 23 of the Complaint are denied.

24. Tesla admits only that there are different methods for calculating fuel efficiency and estimating battery range that are approved by the EPA and permissible under federal law. Tesla denies the remaining allegations in Paragraph 24. By way of further answer, the *Reuters* article referenced in and that forms the basis for Paragraph 24 speaks for itself and any characterization is denied.

25. Denied.

26. The *Reuters* article referenced in and that forms the basis for Paragraph 26 speaks for itself and any characterization is denied. By way of further answer, Tesla is without sufficient information to form a belief as to the truth of the allegations in Paragraph 26 regarding what other manufacturers purport to do, and they are therefore denied. Tesla denies the remaining allegations in Paragraph 26 of the Complaint.

27. The *Reuters* article, and the unidentified *Edmunds* report, referenced in and that forms the basis for Paragraph 27 speak for themselves and any characterization is denied. Tesla denies the remaining allegations in Paragraph 27 of the Complaint.

28. The *Reuters* article, and the unidentified *Edmunds* report, referenced in and that form the basis for Paragraph 28 speaks for themselves and any characterization is denied. Tesla denies the remaining allegations in Paragraph 28 of the Complaint.

29. The *Reuters* article referenced in and that forms the basis for Paragraph 29 speaks for itself and any characterization is denied. Tesla denies the remaining allegations in Paragraph 29 of the Complaint.

30. The *Reuters* article referenced in and that forms the basis for Paragraph 30 speaks for itself and any characterization is denied. Tesla denies the remaining allegations in Paragraph 30 of the Complaint.

31. The *Reuters* article referenced in and that forms the basis for Paragraph 31 speaks for itself and any characterization is denied. Tesla denies the remaining allegations in Paragraph 31 of the Complaint.

32. The *Reuters* article referenced in and that forms the basis for Paragraph 32 speaks for itself and any characterization is denied. Tesla denies the remaining allegations in Paragraph 32 of the Complaint.

33. The *Reuters* article referenced in and that forms the basis for Paragraph 33 speaks for itself and any characterization is denied. Tesla denies the remaining allegations in Paragraph 33 of the Complaint.

34. The *Reuters* article referenced in and that forms the basis for Paragraph 34 speaks for itself and any characterization is denied. Tesla denies the remaining allegations in Paragraph 34 of the Complaint.

35. The *Reuters* article referenced in and that forms the basis for Paragraph 35 speaks for itself and any characterization is denied. Tesla denies the remaining allegations in Paragraph 35 of the Complaint.

36. The *Reuters* article and the alleged interview referenced in and that form the basis for Paragraph 36 speak for themselves and any characterization is denied. Tesla denies the remaining allegations in Paragraph 36 of the Complaint.

37. Tesla admits only that the dashboards of its vehicles display range estimates programmed with EPA-approved estimates, that it discloses to consumers in numerous places that these projections are just estimates, that actual driving range varies based on numerous factors, and that the best way to monitor personal range is by utilizing the Energy App that Tesla makes available to customers. Tesla denies the remaining allegations in Paragraph 37 of the Complaint.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

**FIRST CAUSE OF ACTION Violation of California Civil Code § 1750, et seq.**

**(California Consumers Legal Remedies Act—Injunctive Relief Only)**

43. The Consumer Legal Remedies Act ("CLRA") claim has been dismissed, and the allegations in Paragraph 43-56 are denied.

44. The CLRA claim has been dismissed, and the allegations in Paragraph 43-56 are denied.

45. The CLRA claim has been dismissed, and the allegations in Paragraph 43-56 are denied.

46. The CLRA claim has been dismissed, and the allegations in Paragraph 43-56 are denied.

47. The CLRA claim has been dismissed, and the allegations in Paragraph 43-56 are denied.

48. The CLRA claim has been dismissed, and the allegations in Paragraph 43-56 are denied.

49. The CLRA claim has been dismissed, and the allegations in Paragraph 43-56 are denied.

50. The CLRA claim has been dismissed, and the allegations in Paragraph 43-56 are denied.

51. The CLRA claim has been dismissed, and the allegations in Paragraph 43-56 are denied.

52. The CLRA claim has been dismissed, and the allegations in Paragraph 43-56 are denied.

53. The CLRA claim has been dismissed, and the allegations in Paragraph 43-56 are denied.

54. The CLRA claim has been dismissed, and the allegations in Paragraph 43-56 are denied.

55. The CLRA claim has been dismissed, and the allegations in Paragraph 43-56 are denied.

56. The CLRA claim has been dismissed, and the allegations in Paragraph 43-56 are denied.

**SECOND CAUSE OF ACTION (Violation of California Business & Professions Code §§ 17500, et seq.) (False Advertising Law – Injunctive Relief Only)**

57. The False Advertising Law ("FAL") claim has been dismissed, and the allegations in Paragraph 57-69 are denied.

58. The FAL claim has been dismissed, and the allegations in Paragraph 57-69 are denied.

59. The FAL claim has been dismissed, and the allegations in Paragraph 57-69 are denied.

60. The FAL claim has been dismissed, and the allegations in Paragraph 57-69 are denied.

61. The FAL claim has been dismissed, and the allegations in Paragraph 57-69 are denied.

62. The FAL claim has been dismissed, and the allegations in Paragraph 57-69 are denied.

63. The FAL claim has been dismissed, and the allegations in Paragraph 57-69 are denied.

64. The FAL claim has been dismissed, and the allegations in Paragraph 57-69 are denied.

65. The FAL claim has been dismissed, and the allegations in Paragraph 57-69 are denied.

66. The FAL claim has been dismissed, and the allegations in Paragraph 57-69 are denied.

67. The FAL claim has been dismissed, and the allegations in Paragraph 57-69 are denied.

68. The FAL claim has been dismissed, and the allegations in Paragraph 57-69 are denied.

69. The FAL claim has been dismissed, and the allegations in Paragraph 57-69 are denied.

**THIRD CAUSE OF ACTION (Violation of California Business & Professions Code §§ 17200, et seq. (Unfair Business Practices- Injunctive Relief Only)**

70. Tesla incorporates its preceding answers as if they were repeated and alleged verbatim here.

71. The allegations in Paragraph 71 are conclusions of law, to which no response is required, and they are therefore denied.

72. Denied.

73. Denied.

74. The allegations in Paragraph 74 either contain Plaintiff's description of the action or are conclusions of law, to which no response is required, and they are therefore denied. By way of further answer, Tesla denies that it has engaged in the conduct alleged in Paragraph 74, that

Plaintiff has pled or can plead a violation of California's Unfair Competition Law ("UCL"), or that Plaintiff has pled or is entitled to public injunctive relief or any other relief.

### FOURTH CAUSE OF ACTION Violation of California Business & Professions Code §§ 17200, et seq. (Unlawful Business Practices - Injunctive Relief Only)

75. The UCL – Unlawful Business Practices claim has been dismissed, and the allegations in Paragraph 75-80 are denied.

76. The UCL – Unlawful Business Practices claim has been dismissed, and the allegations in Paragraph 75-80 are denied.

77. The UCL – Unlawful Business Practices claim has been dismissed, and the allegations in Paragraph 75-80 are denied.

78. The UCL – Unlawful Business Practices claim has been dismissed, and the allegations in Paragraph 75-80 are denied.

79. The UCL – Unlawful Business Practices claim has been dismissed, and the allegations in Paragraph 75-80 are denied.

80. The UCL – Unlawful Business Practices claim has been dismissed, and the allegations in Paragraph 75-80 are denied.

### RESPONSE TO PRAYER FOR RELIEF

81. Tesla disputes and denies that Plaintiff has properly pled a claim for public injunctive relief (or any relief), that Plaintiff can seek any such relief, and that Plaintiff is entitled to any of the relief requested.

### RESPONSE TO PLAINTIFF'S DEMAND FOR JURY TRIAL

Plaintiff's demand for a jury trial constitutes a conclusion of law or legal argument, and no admission or denial is therefore necessary. There is no right to a jury trial for UCL claims. *See, e.g., Nationwide Biweekly Administration Inc. v. Superior Court of Alameda County*, 9 Cal. 5th 279 (2020).

## TESLA'S DEFENSES

Tesla denies the allegations in support of Plaintiff's sole remaining UCL claim, that Plaintiff has pled or can prove this claim, that Plaintif is entitled to any relief on this claim or any other claim, and that Plaintiff is entitled to any judgment against Tesla. Plaintiff's remaining UCL claim fails for, among other reasons, those set forth in Tesla's motion to dismiss briefing (ECF Nos. 15, 23) in this action and those set forth in the motion to dismiss briefing (and during oral argument) in the two related actions before this Court: *Flores v. Tesla, Inc.*, No. 24-cv-01828-HDV (C.D. Cal.) and *Karunatilaka v. Tesla, Inc.*, No. 24-cv-1727-HDV (C.D. Cal.).

Tesla has not completed its investigation of the facts of this case and no discovery has taken place in this matter. As a result, the defenses asserted herein are based on Tesla's knowledge, information, and belief as of this filing of this Answer. Tesla reserves the right to modify, amend, or supplement any defenses contained herein at any time and to assert additional defenses during the course of the litigation. By asserting the defenses set forth below against Plaintiff, Tesla does not assume any burden of proof that is not imposed by applicable law:

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Cause of Action)**

1. The Complaint fails to and cannot state facts sufficient to constitute a cause of action upon which relief can be granted against Tesla, including with respect to Plaintiff's remaining UCL claim.

### SECOND AFFIRMATIVE DEFENSE
**(Preemption)**

2. Plaintiff's remaining UCL claim is impliedly and expressly preempted, including for the reasons set forth in Tesla's motion to dismiss briefing (ECF Nos. 15, 23) and because Tesla's conduct is authorized by and complies with a comprehensive federal statutory and regulatory regime.

## THIRD AFFIRMATIVE DEFENSE

### (Abstention)

3. Plaintiff's remaining UCL claim is barred in whole or in part by federal and state abstention doctrines.

## FOURTH AFFIRMATIVE DEFENSE

### (Primary Jurisdiction)

4. Plaintiff's remaining UCL claim is barred in whole or in part based on the doctrine of primary jurisdiction.

## FIFTH AFFIRMATIVE DEFENSE

### (Consent and/or Authorization)

5. Plaintiff's remaining UCL claim is barred, in whole or in part, because of Plaintiff's ratification, agreement, acquiescence, or consent to Tesla's alleged conduct.

## SIXTH AFFIRMATIVE DEFENSE

### (UCL Safe Harbor)

6. Plaintiff's remaining UCL claim is barred because Tesla's conduct is protected by California's safe harbor doctrine. *See, e.g., Cel-Tech Comm'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 182 (1999).

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Seek Public Injunctive Relief)

7. Plaintiff's lawsuit is barred as a matter of law because the Complaint does not properly plead or seek public injunctive relief, including, but not limited to, because Plaintiff seeks relief that will benefit a particular class of persons, as opposed to the general public. *See, e.g., Hodges v. Comcast Cable Commc'ns, LLC*, 21 F. 4th 535, 542 (9th Cir. 2021).

## EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Causation)

8. Plaintiff's remaining UCL claim is barred because Tesla did not cause any purported injury to Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

### (No Cognizable Harm)

9. Plaintiff's remaining UCL claim is barred because he has not sustained any cognizable harm as a result of Tesla's conduct, including with respect to dashboard range projections.

## TENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

10. Plaintiff's remaining UCL claim is barred, in whole or in part, by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Injunctive Relief)

11. Plaintiff's lawsuit fails as a matter of law because he cannot satisfy the requirements for injunctive relief, including lacking an adequate remedy at law.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Liability)

12. Plaintiff's remaining UCL claim is barred because Tesla has complied with and performed fully any and all obligations imposed on it by law, contract, or equity, and any obligation owed to Plaintiff has been satisfied, released or otherwise discharged.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Justification)

13. Tesla alleges that it engaged in conduct that was justified under the law, and that that Tesla always acted in full compliance with its statutory obligations and is not liable for any purported injuries or claims which Plaintiff now asserts.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Laches)

14. Plaintiff's remaining UCL claim is barred, in whole or in part, by the doctrine of laches by reason of Plaintiff's unreasonable delay in commencing this action, which delay has

caused prejudice to Tesla.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

15. As a result of the acts, conduct, statements, representations, and/or omissions of the Plaintiff and/or each of his agents, and Tesla's reliance thereon, Plaintiff is estopped from asserting his remaining UCL claim and claim for relief averred in the Complaint.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Voluntary Payment)**

16. Plaintiff's remaining UCL claim is barred by the voluntary payment doctrine.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

17. As a result of Plaintiff's acts, conduct, or omissions, Plaintiff has wavied his remaining UCL claim.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Due Process Rights)**

18. Plaintiff cannot pursue or obtain public injunctive relief because it would violate Tesla's rights as provided by the Fifth, Seventh, and Fourteenth Amendments to the United Sates Constitution, including but not limited to, due process rights to procedural and substantive safeguards, which include traditional defenses to liability.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Justification and Privilege)**

19. Tesla's actions were undertaken in good faith, with the absence of malicious intent, and constitute lawful, proper, and justified means to further Tesla's purpose of engaging in and continuing its business. As a rsult, Plaintiff is barred, in whole or in part, from recovery on his remaining UCL claim for public injunctive relief.

## TWENTIETH AFFIRMATIVE DEFENSE

**(Compliance With Law)**

20. At all time relevant herein, the conduct of Tesla alleged in the Complaint conformed to all applicable statutes, government regulations, and industry standards applicable thereto.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

**(Acts of Others/Intervening or Superseding Cause)**

21. Tesla asserts that Plaintiff's alleged injury, if any, was the result of one or more intervening or superseding causes, or caused by the acts or failures to act of persons or entities other than Tesla, and were not the result of any act or omission on the part of Tesla.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

**(Fault of the Plaintiff)**

22. Plaintiff's remaining UCL claim is barred because any alleged injury was proximately caused or contributed to by the negligence or conduct of Plaintiff, thereby barring or reducing any recovery.

## RESERVATION OF RIGHTS

Tesla expressly reserves the right to assert any additional defenses that may prove applicable during this litigation. Tesla hereby gives notice that it intends to rely on such other and further defenses as may become available during discovery in this action and reserves the right to amend its Answer to assert any such defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by reason of the Complaint and that the remaining partial claim in this action be dismissed in its entirety with prejudice;

2. That judgment be entered in favor of Tesla and against Plaintiff on all claims alleged in the Complaint;

3. That Tesla be awarded its reasonable costs of suit incurred herein;

4. That Tesla be awarded its reasonable attorneys' fees incurred in defending this action pursuant to applicable law, or any other applicable statutory attorney fee provision(s); and

5. That the Court award Tesla such other and further relief as the Court deems just and proper.

DATED: August 5, 2024

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP
David L. Schrader
Brian M. Ercole
Mark A. Feller
Matthew P. Papkin

By */s/ David L. Schrader*
David L. Schrader

*Attorneys for Defendant Tesla, Inc.*